## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| In re: | Chapter: |
| **Debtor** | **Case No:** |
| **DIANA HOUCK and STEVEN G. TATE, Trustee** | |
| **Plaintiffs.** | |
| **v.** | **Adversary Proceeding No. 15-5028** |
| **LIFESTORE BANK, GRID FINANCIAL ) SERVICES, INC., and SUBSTITUTE ) TRUSTEE SERVICES, INC.,** | |
| **Defendants.** | |

**COME NOW**, Plaintiffs, by and through counsel, and pursuant to the Order of this Court dated November 3, 2015, hereby present this **PRELIMINARY MEMORANDUM OF LAW** and offer the following answer to the questions presented by the Court:

Before the Parties delve too deeply into research and writing, it is the hope of the Plaintiffs that we may forestall extra work and expense by all parties involved. To that end, the Plaintiffs offer this Preliminary Brief to provide instructive law on the status of this case. Should the Court find that there is no jurisdiction, it might move *sua sponte* prior to the January 16, 2016, deadline for the briefs requested in the November 3 Order. If not, the Plaintiffs will submit the full brief by the deadline.

The Court asked in its Order several questions about jurisdiction, which is a subject that forecloses any further consideration of any matter. It is the *sine qua non* of our presence in bankruptcy court. The most important question asked by this Court was, "Finally, can this court hear this complaint when the related base bankruptcy case is closed and dismissed?" *Houck v.*

*Lifestore Bank*, Case No. 15-05028, Order Requiring Briefing on Questions of Status, Jurisdiction and Preemption (Doc 5) (Filed Nov. 3, 2015, Bankr. W.D.N.C). The answer to that question is no and it obviates the need for further analysis. But more specifically, the answer is no because there is no related bankruptcy case.

The reason there is no jurisdiction here is because there is no base case to which this adversary proceeding can relate. Jurisdiction for any action in bankruptcy court is fundamentally related to a base bankruptcy case. See 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. There has never been a bankruptcy case in this lawsuit (see *Houck v. Lifestore, et al*., Case 1:13-CV-00120 (Filed Apr. 26, 2013, W.D.N.C.)), which began properly in federal district court (see *Houck v. Substitute Trustee Servs*., 791 F.3d 473 (4th Cir. N.C. 2015)) and was improperly referred to this court by the federal Magistrate. See *Houck v. Lifestore Bank, et al*., Case 5:13-CV-00066, Order of Referral to the Bankruptcy Court (Doc 92) (Filed September 23, 2015).

Moreover, without a bankruptcy case, the claims in this case could never be "core matters" pursuant to *Stern v. Marshall*, 564 U.S. 2 (2011) and *Exec. Bens. Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014).

The Fourth Circuit has pursued this question and developed an answer to the questions before this Court:

> This court has adopted the *Pacor* related to test and has held that a district court, "and derivatively the Bankruptcy court" has jurisdiction over an action related to a bankruptcy case "if the outcome [of the proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [the proceeding] in any way impacts upon the handling and administration of the bankrupt estate." *Spartan Mills v. Bank of Am. Ill*., 112 F.3d 1251, 1255-56 (4th Cir.), *cert. denied*, 522 U.S. 969, 139 L. Ed. 2d 319, 118 S. Ct. 417 (1997) (quoting *Pacor*, 743 F.2d at 994 (internal quotation marks omitted)). The Supreme Court gave the following as an example of a civil case related to a bankruptcy case: "suits between third parties which have an effect on the bankruptcy estate." *Celotex*, 514 U.S. at 307 n.5 (citing 1 *Collier on Bankruptcy* P 3.01[1][c][iv] at 3-28 (15th ed. 1994)). Notably, as is the case here, a related to

case need not necessarily be against the debtor or his property. Nevertheless, the "mere fact that there may be common issues of fact between a civil proceeding and a controversy involving a bankruptcy estate does not bring the matter within the scope of [1334(b)]." *Pacor*, 743 F.2d at 994. In this circuit, a civil case is related to bankruptcy if "the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir. 1997) (citing *Pacor*, 743 F.2d at 994), see also *A. H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986).

*New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. N.C. 2000). As there is no base case and therefore no estate, there is no possibility that the outcome of the proceeding could alter Diana Houck's rights as a bankruptcy Debtor or the administration of any estate. This is not "an action related to a bankruptcy case." *Id.* It is simply an action. While there are common issues of fact between the federal lawsuit and Diana's past bankruptcy filing, 28 U.S.C. § 1334(b) does not send this case to bankruptcy court. Without an estate, this civil suit can have no conceivable effect on any estate. Therefore, this Court has no jurisdiction over any part of the lawsuit that was filed in federal district court and the referral should be withdrawn.

**WHEREFORE**, the Plaintiffs in this case request that this Court file with the district court findings of fact and conclusion of law which demonstrate that this Court cannot hear this case for lack of jurisdiction; therefore, the referral must be withdrawn.

**TODAY** is November 24, 2015.

**COLLUM & PERRY**

*/s/ M. Shane Perry*
M. Shane Perry
N.C. Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
P: 704-663-4187
shane@collumperry.com
Attorney for Plaintiffs

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

| | |
|---|---|
| In re: | **Chapter:** |
| **Debtor** | **Case No:** |
| **DIANA HOUCK and STEVEN G. TATE, Trustee** | |
| **Plaintiffs.** | |
| **v.** | **Adversary Proceeding No. 15-5028** |
| **LIFESTORE BANK, GRID FINANCIAL ) SERVICES, INC., and SUBSTITUTE ) TRUSTEE SERVICES, INC.,** | |
| **Defendants.** | |

**CERTIFICATE OF SERVICE**

I, M. Shane Perry, do hereby certify that the foregoing **PRELIMINARY MEMORANDUM OF LAW** in this action, was served electronically through the CM/ECF system to:

| **LifeStore Bank, FSA** | **Grid Financial Services, Inc.** | **Substitute Trustee Services, Inc.** |
|---|---|---|
| c/o Amy C. Brodland | c/o Robert Mays | c/o Jeffrey Bunda |
| Reeves Law Firm | Van Winkle Law firm | Hutchens Law Firm |
| 202 East Main St. | 11 North Market Street, | 6230 Fairview Road, Suite 315 |
| West Jefferson, NC 28694 | Asheville, NC 28801 | Charlotte, NC 28210 |
| Attorney for Defendant | Attorney for Defendant | Attorney for Defendant |

**TODAY** is November 24, 2015.

By:     **/s/ M. Shane Perry**
**Attorney for Plaintiffs**
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile:  704-663-4178
shane@collumperry.com