# COLLUM & PERRY PLLC
## Attorneys at Law

TO: **Jeffrey Bunda**
Hutchens Law Firm, LLP
6230 Fairview Rd., Suite 315
Charlotte, NC 281210
jeff.bunda@hutchenslawfirm.com

RE: Discovery responses for *Houck v. STS*, 15-5028.

**July 5, 2018**

Jeff,

    We need to discuss several of STS's responses to our discovery. Many of your client's responses are evasive and incomplete. I would like to hash this out between us so that we don't need the Court's assistance. This saves time and expense for everyone.

    I would remind your client that "Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Moreover, the commentary to the Rules indicates that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." Fed. R. Civ. P. 26 advisory committee's notes, 2000 Amendment, Subdivision (b)(1). Additionally, the party resisting discovery bears the burden of persuasion. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (*citing Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 424-25 (N.D.W. Va. 2006), *United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005), *Elkins v. Broome*, 2004 U.S. Dist. LEXIS 31707, at *2 (M.D.N.C., 2004.), *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984), *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C., 1978), *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W. Va. 1970), and *Pressley v. Boehlke*, 33 F.R.D. 316, 318 (W.D.N.C. 1963).

    Please see the following notes on the STS responses. This is your client's notice pursuant to Rule 37 and we need STS's responses supplemented in reasonable time for us to make dispositive motions.

**Interrogatories:**

2: STS did not properly identify the parties in its response. I do not know what the identified people do (as in their job titles, etc.) or how they are related to the case. I do not want to have to subpoena everyone STS listed just to find out what they do so I can determine whether or not I have questions for them.

    Who was the contact point at STS and Lifestore for the Office of the Comptroller of the Currency? We understand that there was a compliance committee in place pursuant to the agreement with the OCC to oversee compliance with the Agreement. Lifestore agreed with the OCC to make several changes which included (among other things) reducing its criticized assets,

such as non-performing loans, adopting an oversight program for the bank's real estate appraisal process, and fixing law violations relating to legal lending limits and reducing all loans that were above those limits. These are all actions which involve the foreclosure of the Plaintiff's home. So we need greater disclosure than STS is making. The facts leading up to foreclosure are relevant and we need to know every party who had knowledge of the facts leading up to the foreclosure, including everyone at Lifestore (your client's client) who dealt with this loan and foreclosure.

5: Please explain how this question is vague. Moreover, as you and I have discussed for over 5 years, my client called your client and the records will show that. Also, the foreclosure process is the collection of a debt, so this is a proper question. Finally, STS should identify all internal communications regarding the foreclosure of the Plaintiff's property.

10: Just to be clear, is STS saying that Lifestore did not communicate any information to STS other than "repayment of her mortgage is in default."? STS does not know the identity of anyone at Lifestore who communicated this information. They did not verify with STS in any way that the mortgage was actually in default or that Lifestore had a legal right to foreclose on the property?

11: This response is too vague. Is there no set of internal guidelines or procedures that STS follows in foreclosures?

12: There is no detail in this response at all. There is nothing describing the manner in which the notice was received. And there is no specific time and date listed for the second bankruptcy notice.

14: To be clear, is STS saying that it does not receive bankruptcy notices other than what is provided by the lender who is asking you to foreclose? STS takes no steps to apprise itself of filed bankruptcies?

15: Again, STS has no policy or procedures concerning foreclosures? If Hutchens says to foreclose, STS does not question the foreclosure?

20: This answer is incomplete.

23: STS cannot limit the response to an interrogatory based on its interpretation of what might be relevant. We request that this interrogatory, and the others mentioned in this letter, be responded to completely.

24: Same concern as for Interrogatory 23 above.

**Requests for Admissions:**

1: The term "part of the Chapter 13 bankruptcy estate" is not vague and I cannot believe that STS, with its business practices, and Hutchens law firm, with its experience in bankruptcy court, cannot figure out what "part of the Chapter 13 bankruptcy estate" means. This is not an

acceptable response. The parties listed in the matrix are not responsive to anything requested in the interrogatory and I am not certain why that was made part of the response.

2: Same concern as for RFA 1 above.

4: Does STS not know that a stay was in place or does STS not know the home was sold during the bankruptcy stay? It would not take much in the way of a reasonable inquiry, which is required by the discovery rules (specifically Rule 36) and precedence on the matter, to find out that the sale violated 11 USC 362. Has STS made this inquiry yet? I'm certain the Hutchens firm can tell STS about this.

6. This response is not responsive to the timing issue, which is the point of the RFA.

8. Again, this is specifically asking about timing, which STS is not answering.

11. Does this answer state that STS does not foreclose on properties or are they unaware that foreclosure is debt collection? Please clarify.

12. Is STS stating that it DID serve notice to the bankruptcy trustee for the first foreclosure?

**Requests for Production of Documents:**

2. It is difficult to believe that STS has no documents that are relevant to the answers given in the discovery requests. By way of example, STS responded to RFA 18 that its attorney conducted "a title search and numerous title updates." Where are these documents?

3. Does STS's attorney not have a history of the account?

4. STS's phone records and those of its law firm are relevant to this. As we have discussed for years and as I have warned your firm for years, these documents are relevant and admissible and STS and Hutchens should have protected against spoliation. Please produce the phone records for the time period relevant to this complaint.

6. The RPD does not ask who produced the documents, it asks that STS turn them over. Please ask STS to produce these documents.

8. Did these documents exist but were destroyed?

10. Your objection is improper. Please produce these documents.

13. Again, this objection is improper and it is hard to believe that there are no documents responsive to this request.

Rule 26(a) requires STS to give us all relevant information without our having to ask for it. Please turn over all relevant documents as well as the documents we have requested and please answer the interrogatories and requests for admissions so that we do not have to move to

compel. I can agree to an extension of time for your client to supplement these discovery responses properly. Please let me know soon what STS plans to do.

Thank you,

M. Shane Perry
**COLLUM & PERRY**
109 W. Statesville Ave.
Mooresville, NC 28115
704-663-4187
shane@collumperry.com