FILED & JUDGMENT ENTERED
Steven T. Salata

May 23 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **DIANA HOUCK,** | ) | Chapter 13 |
| | ) | Case No. 11-51513 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **DIANA HOUCK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 15-5028 |
| | ) | |
| **SUBSTITUTE TRUSTEE** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION PURSUANT TO**
**FED. R. CIV. P. 52 AND 59**

**THIS MATTER** is before the court on the Defendant's Motion Pursuant to Fed. R. Civ. P. 52 and 59 ("Motion") filed by the Defendant, Substitute Trustee Services, Inc. ("STS"), on March 1, 2019. The Motion asks the court to alter or amend certain findings in its February 15, 2019 Order Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment,

and Denying Plaintiff's Motion for Sanctions ("Summary Judgment Order").  For the reasons explained below, the court denies the Motion.

The court has previously explained the facts, see Houck v. Substitute Tr. Servs., Inc. (In re Houck), Nos. 15-5028, 11-51513, 2019 WL 654296, at *1–2 (Bankr. W.D.N.C. Feb. 15, 2019) (Order Granting Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, and Denying Plaintiff's Motion for Sanctions) [hereinafter Summary Judgment Order], and the procedural history, see Summary Judgment Order at *2–4; Houck v. Lifestore Bank (In re Houck), Nos. 15-5028, 11-51513, 2018 WL 722462, at *2–4 (Bankr. W.D.N.C. Feb 5, 2018) (Order Determining the Status of this Adversary Proceeding, Examining this Court's Subject Matter Jurisdiction, Recommending Withdrawal of the Reference, and Setting Status Hearing), relevant to this adversary proceeding.  The Summary Judgment Order concludes that STS committed a technical violation of the automatic stay when it conducted a foreclosure sale during the Plaintiff's (second) bankruptcy case and that STS's technical violation became a willful violation when it failed to do anything to remedy the stay violation after receiving notice of the Plaintiff's bankruptcy case later the same day.  Summary Judgment Order at *8–10.  Despite consistently claiming that it did not violate the stay from the commencement of this lawsuit in April 2013 through the summary

judgment hearing on November 7, 2018, STS's Motion admits the stay violation and does not ask the court to alter or amend findings directly related to that conclusion, see Memorandum of Law Supporting Defendant's Motion Pursuant to Fed. R. Civ. P. 52 and 59 at 5, Houck v. Substitute Tr. Srvs., Inc., No. 15-5028 (Bankr. W.D.N.C. Mar. 29, 2019) [hereinafter "STS Brief"].  Instead, STS asks the court to alter findings about STS's practices related to foreclosures and bankruptcy cases in order to prevent harm to the professional reputations of STS and its counsel, the Hutchens Law Firm ("Hutchens").  Id. at 8.

The Motion seeks relief pursuant to Federal Rules of Civil Procedure 52(b)[1] and 59(e).[2]  Rule 52(b) provides that "[o]n a party's motion filed no later than 28 days[3] after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59."  "A Rule 52(b) motion to amend findings by the court 'is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case,' " Diebitz v. Arreola, 834 F. Supp. 298, 302 (E.D. Wisc. 1993) (quoting Renfro v. City of Emporia, 732

---

[1] Federal Rule of Bankruptcy Procedure 7052 makes Federal Rule of Civil Procedure 52 applicable to adversary proceedings related to bankruptcy cases.
[2] Federal Rule of Bankruptcy Procedure 9023 makes Federal Rule of Civil Procedure 59 applicable to bankruptcy cases.
[3] Federal Rule of Bankruptcy Procedure 7052 requires parties to file motions pursuant to Rule 52(b) within 14 days of the entry of a judgment.  STS timely filed its Motion within 14 days of the entry of the Summary Judgment Order.

3

F. Supp. 1116, 1117 (D. Kan. 1990)). " 'Instead, these motions are intended to correct manifest errors of law or fact or to present newly discovered evidence.' " Wahler v. Countrywide Home Loans, Inc., No. 1:05CV349, 2006 WL 3327074, at *1 (W.D.N.C. 2006) (quoting Evans, Inc. v. Tiffany & Co., 416 F. Supp. 224, 244 (N.D. Ill. 1976)).

Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days[4] after the entry of a judgment."  The Fourth Circuit has recognized three bases for altering or amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Motions pursuant to Rule 59(e) should not "raise arguments which could have been raised prior to the issuance of the judgment," id. (citations omitted), and " 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly,' " id. (quoting 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)).

---

[4] Federal Rule of Bankruptcy Procedure 9023 requires parties to file motions pursuant to Rule 59(e) within 14 days of the entry of a judgment.

4

The Motion does not identify any new evidence, change in the law, or errors of law in the Summary Judgment Order and instead seeks relief by alleging that parts of the order constitute a manifest injustice.  In particular, STS objects to the following sentences in the Summary Judgment Order:

> Importantly, STS does not deny that its "practice" after learning of a foreclosure sale in technical violation of the stay is to wait and see if the case is dismissed before taking steps to undo the sale.  The court wholeheartedly agrees with the Plaintiff's contention that this practice is abhorrent.  The court is dumbfounded by the cavalier position that STS has taken regarding its seemingly obvious stay violation.  The essence of STS's "wait-and-see" approach is flawed and in direct conflict with a litany of case law.

<u>Summary Judgment Order</u> at *10.  STS argues that the stay violation in this case was accidental, not abhorrent, the court's finding about STS's "wait-and-see" approach is based on incomplete facts, and STS and Hutchens have never taken a cavalier position regarding the automatic stay, STS Brief at 1, 5—6.  In its brief and attached affidavits, STS describes its internal procedures for referring bankruptcy cases to its bankruptcy department and says it reviewed 24 other similar cases from 2011 to 2018 where Hutchens sought to set aside foreclosures that were in technical violation of the automatic stay in every case.

The court is pleased to hear from STS that the practices followed in this case are not representative of its normal procedures; however, the court has reviewed the record and the

5

description in the Summary Judgment Order is entirely consistent with the evidence and argument presented in this case through the summary judgment hearing. For example, at a hearing on a discovery issue on August 24, 2018, STS's attorney argued that his client did not receive notice of the bankruptcy case until several months after the foreclosure, whereupon the court and his co-counsel informed him that STS's discovery responses disclosed that STS had notice on the day of the foreclosure. Even after acknowledging this key fact, the attorney asserted that there was nothing STS could do after the completion of the foreclosure (in violation of the stay). At the summary judgment hearing on November 7, 2018, STS's counsel admitted that his client had notice of the bankruptcy on the date of the foreclosure but still argued there was no stay violation because the court dismissed the Plaintiff's bankruptcy case about 24 hours after the foreclosure, STS did not take any actions during that time, and the stay terminated when the court dismissed the case. Both of these arguments, (1) that there is nothing a creditor can do when it discovers a technical violation of the stay, and (2) that the dismissal of a case cures a prior stay violation, are contradicted by abundant case law as noted in the Summary Judgment Order. Summary Judgment Order at *8–10. Nevertheless, STS's counsel claimed at the summary judgment hearing that he had researched the issue of whether a creditor had an obligation to set aside a foreclosure in violation of the stay

6

and said he had not seen any cases on that issue and he was not sure if failure to remedy a technical stay violation made the violation willful.  Finally, while the court admits that the deposition testimony the Plaintiff relied on to repeatedly assert that STS takes a "wait-and-see" approach regarding situations like this one was vague, STS's counsel did not deny the assertion or address it in any way at the summary judgment hearing.

The court is very familiar with the Hutchens attorneys that practice regularly in this court and thinks highly of them all. In addition, the court intended the language in the Summary Judgment Order to which STS objects to describe STS's practices related to this adversary proceeding and not to denounce the practices of STS and Hutchens more universally.  The Summary Judgment Order, however, accurately represents the situation presented to the court throughout this adversary proceeding, up to and including the summary judgment hearing. Accordingly, there is no basis to alter or amend the findings in the Summary Judgment Order pursuant to Rules 52(b) and 59(e), and the Motion is hereby **DENIED.**

**SO ORDERED.**

This Order has been signed                          United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.